# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| WILLIAM HARRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BEST BUY CO. INC and BESTBUY.COM LLC<br><br>Defendants. | ) 07CV2559<br>) JUDGE LINDBERG<br>) MAGISTRATE JUDGE ASHMAN<br>)<br>) **FILED**<br>)<br>) MAY 0 7 2007  NF<br>) MAY 7, 2007<br>) MICHAEL W. DOBBINS<br>) CLERK, U.S. DISTRICT COURT |

## COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff William Harris brings this action to secure redress for the violation by Best Buy Co. Inc. and Bestbuy.com, LLC (collectively "Best Buy") of the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et seq.

2. The FTC has reported that often times "...identity theft results from thieves obtaining access to account numbers on credit cards receipts." Prepared Statement of the Federal Trade Commission on Identify Theft and Social Security Numbers before the Subcommittee on Social Security of the House Ways and Means Committee, June 15, 2004.

3. In order to protect consumers from identity theft, FACTA, 15 U.S.C. §1681c(g), provides:

> **No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

4. Defendant Best Buy has willfully violated this law and failed to protect plaintiff and others against identity theft and credit card and debit card fraud by continuing to print more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with defendant.

5. Plaintiff brings this action to secure redress for defendant Best Buy's violation of 15 U.S.C. §§1681 *et seq.* Plaintiff seeks statutory damages, attorneys fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1681p.

7. Venue in this district is proper because defendant does business here.

## PARTIES

8. Plaintiff, William Harris is a resident of this district.

9. Defendant Best Buy Co. Inc. is a Minnesota Corporation that operates numerous stores in Illinois and advertises its website to Illinois residents.

10. Defendant BestBuy.com LLC. is Delaware limited liability company that a owns and operates Best Buy's web site. It is a wholly owned subsidiary of Best Buy Co. Inc. and is controlled by Best Buy Co. Inc.

11. Defendant is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## FACTS

12. On May 5, 2007, plaintiff received from Best Buy from its online store a computer-generated receipt which displayed his card expiration date at the point of sale.

2

## CLASS ALLEGATIONS

13.     Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P.23(a) and (b)(3).

14.     The class is defined as all persons in Illinois to whom Best Buy provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

15.     The class is so numerous that joinder of all individual members in one action would be impracticable.

16.     On information and belief, there are over 100 persons in Illinois to whom Best Buy provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit or debit card number, and/or (b) the expiration date of the person's credit or debit card.

17.     Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

18.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

   a.     Whether defendant has a practice of providing plaintiff and the class members with a sales or transaction receipt on which defendant printed more than the last five digits of the credit card or debit card and/or expiration date of the credit card or debit card;

   b.     Whether defendant thereby violated FACTA;

c. Whether Best Buy's conduct was willful.

19. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained experienced counsel.

20. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

21. Best Buy violated 15 U.S.C. §1681c(g)(1), which provides that:

**No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number of the expiration date upon any receipt provided to the cardholder at the point of sale of the transaction.**

22. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

23. With respect to machines that were in use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

24. Best Buy accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

25. After the effective date of the statute, Best Buy, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each

4

of which defendant printed more than the last five digits of the credit card or debit card number and/or printed the expiration date of the credit card or debit card.

26. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

27. Best Buy knew or should have known the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates.

28. On information and belief, VISA, MasterCard, the PCI Security Standards Council a consortium founded by VISA, MasterCard, Discover, American Express and JCB - companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and defendant's need to comply with the same.

29. Most other retailers readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their internet site, card machines and devices to prevent them from printing more than the last five digits of the card number and/or the expiration date upon the receipts provided to the cardholders. Defendant could have readily done the same.

30. Best Buy willfully disregarded FACTA's requirements and continues to print receipts in violation of FACTA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant Best Buy, as follows:

a.   For statutory damages;

b.   For attorney's fees, litigation expenses and costs;

c.   For such other and further relief as the Court may deem proper.

*Keith J. Keogh*

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092 (office)
(312) 726-1093 (fax)

## JURY DEMAND

Plaintiff demands trial by jury.

*Keith J. Keogh*