IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HARRIS, individually ) | | |
| and on behalf of all others similarly situated ) | 07 C 02559 | |
| Plaintiff, ) | | |
| ) | Judge St. Eve | |
| v. ) | | |
| ) | Magistrate Judge Ashman | |
| BEST BUY CO., INC., and BESTBUY.COM LLC ) | | |
| Defendant. ) | | |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

Plaintiff respectfully requests that this Court order defendants to produce responsive documents and a privilege log by date-certain because defendants refuse to commit to any time frame at all for production.

In support of this motion, plaintiff states:

1. Since December 4, 2006, the Fair Credit Reporting Act ("FCRA") has required merchants that use electronic credit card processing machines to truncate all but the last five numbers in the account number and the expiration date. 15 U.S.C. § 1681c(g). The FACTA amendment to the FCRA was passed on December 4, 2003 in order to curb identity theft; businesses had three years to come into compliance. Immediate compliance was required for credit card processing set up after January 1, 2005. 15 U.S.C. § 1681c(g)(3)(B).

2. This case alleges that defendants provided plaintiff and thousands of other Illinois customers credit card receipts with the expiration date on them in violation of § 1681c(g). Damages are available if plaintiff proves that the violation was willful. 15 U.S.C. § 1681n; *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2206 (2007).

1

3. Plaintiff propounded discovery upon defendants on June 17, 2007. Exhibit 1.¹ Defendants produced written responses on July 18, 2007, and refused to produce responsive documents until a suitable protective order was in place. The parties negotiated and filed a mutually-agreeable protective order, which was entered by Judge St. Eve on September 4, 2007. [Docket Entry 26.]

4. After the protective order was entered on September 4 and again on September 5, plaintiff sent defense counsel emails requesting date-certain by which responsive documents would be produced, pursuant to Fed.R.Civ.P. 37 and Local Rule 37.2. Exhibit 2. On September 6, 2007, defense counsel sent plaintiff's counsel the letter attached as Exhibit 3, indicating that although defendants were working on putting together responses, they did not have a date-certain by which it could make a complete production.

5. Plaintiff's and defense counsel spoke on the telephone after plaintiff's counsel received Exhibit 3 that same day. Defense counsel explained that Best Buy is one of the largest companies in the country, and that its size makes it impossible for it to timely comply with discovery requests. Counsel also indicated that now is a busy time of year for Best Buy.

6. While plaintiff is sympathetic to Best Buy and BestBuy.com's position, they have had the discovery requests for almost 90 days. Certainly June, July, August and September are not all "busy" months, such that defendants could not have been working on its discovery obligations relating to this case.

7. During that same September 6, 2007 conversation, defense counsel told

---

¹ Plaintiff has omitted Exhibit A of the discovery requests because it contains plaintiff's credit card information, which is the subject of this lawsuit. This motion does not concern the substance of that exhibit.

plaintiff's counsel that counsel and defendants were "working on" the requests, and could produce an unspecified amount of documents on an unspecified date "next week." Counsel was unwilling, and apparently unable, to provide a date certain for the complete production.

        8.      Defendants' written responses are also deficient. Plaintiff's hope is that the documents defendants produce will fill in the gaps and eviscerate the need for additional discovery motion practice. In any event, the protective order has been entered and defendants' justification for withholding documents is gone. Defendants' inability to timely produce the documents leads plaintiff to fear that the protective order may have been used as a device to delay production of discovery in this case.

        9.      Plaintiff thus requests that this court compel defendants to produce all responsive documents and a complete privilege log by a date certain. Plaintiff respectfully suggests that September 28, 2007, might be a reasonable target date. At that time, defendant will have had over 100 days within which to compile its production.

        WHEREFORE, plaintiff respectfully requests that this Court order defendants to produce responsive documents and a privilege log by date-certain because defendants refuse to commit to any time frame at all for production.

        Respectfully submitted,

        /s/ Alexander H. Burke

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)

**CERTIFICATE OF SERVICE**

       I, Alexander H. Burke, hereby certify that I served the forgoing document upon defendant through counsel on September 6, 2007, using the Northern District of Illinois ECF System.

                                                        /s/Alexander H. Burke