# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM HARRIS, individually ) | |
| and on behalf of all others similarly situated, ) | |
| ) | 1:07-cv-2559 |
| Plaintiff, ) | |
| ) | Judge George W. Lindberg |
| v. ) | |
| ) | Magistrate Judge Martin C. Ashman |
| BEST BUY CO., INC., and ) | |
| BESTBUY.COM, LLC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST DISCOVERY REQUESTS**
**TO BEST BUY CO. INC., AND BESTBUY.COM, LLC.**

Plaintiff propounds this first set of written discovery requests upon Defendants.

Defendants should responded to each request unless specifically noted. Responses should be

sent to plaintiff's counsel within 30 days.

***INSTRUCTIONS***

1. **Plaintiff Will Seek Preclusionary Order for Omitted Information**

These Requests seek the disclosure of evidence relevant to the claims which are the subject

of the above-captioned action, and the undersigned will seek a preclusionary order barring the

admission of any evidence at trial that is not fully set forth in the answers to these Requests, or

sufficiently in advance of trial to enable us to respond to it.

2. **Requests Cover All Information in Your Custody or Control**

These Requests cover and relate to all documents, information and knowledge in your

possession, custody or control, or in the possession, custody or control of any of your employees,

agents, attorneys and, in the case of corporate parties, any of your officers, directors, assigns,

predecessors or successors. Thus, in each of your responses to these Requests, you are requested to

provide not only such documents as are in your possession, but also all documents that are reasonably available to you. In the event you are able to provide only part of the information, knowledge or documents called for in any particular Request, please provide all of the information, knowledge or documents you are able to provide and state the reason for your inability to provide the remainder.

### 3.      **You Must Provide as Much Information as Possible**

Each Request is to be answered separately and as completely as possible. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer as fully as possible. The omission of any name, fact, or other item of information from the answers shall be deemed a representation that such name, fact or item was not known to you, your counsel or any of your other representatives at the time of service of the answers.

Where facts set forth in your answers or portions thereof are supplied upon information and belief rather than actual knowledge, so state and specifically describe any and all sources of such information and belief.

If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which each such estimate is made.

If you cannot answer the interrogatory in full after exercising due diligence to secure the information requested, so state and answer to the fullest extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

### 4.      **When Precise Information Cannot Be Provided, You May Provide Approximate Information**

2

If you cannot supply precise information, state your best estimate or approximation (including your best approximation of dates by reference to other events, when necessary, designated as such).

## 5. If you Object, You Must Provide All Information Not Subject to the Objection

To the extent that you contend in your response to these Requests that the information or documents sought are privileged, irrelevant, not required to be produced in discovery, and/or otherwise not the proper subject of a response by you, you must provide as complete an answer as you contend is permissible under the applicable rules of procedure.

## 6. Answers Must Correspond to Numbered Requests

For each document produced in response to these Requests, indicate the number of the interrogatory or Request, and the subpart thereof, to which it responds.

## 7. You Must Identify all Deletions from Documents

If anything is deleted from a document produced in response to any Request, indicate the reason for the deletion and the subject matter of the deleted material.

## 8. Instructions Relating to Objections

If any objection is made to any of these Requests, fully explain the basis for the objection. If you do not answer an interrogatory or produce a document because of a claim of privilege, set forth the privilege claimed, the facts upon which you rely to support the claim of privilege and, for each such document for which a privilege is claimed:

      (a)     date;

      (b)     title, if any;

      (c)     subject matters;

3

      (d)    author(s); and

      (e)    names and addresses of the person(s) to whom the document was distributed.

### 9.    Supplemental Answers Required

Supplemental answers to these interrogatories, as required by Federal Rule 26(e), must be served between the date these interrogatories are answered and the trial of this action.

### 10.    Relevant Time Period

All information requested is from three years prior to the filing of the Complaint, through to the date the Complaint was filed, unless otherwise specifically indicated. If the answer is not uniformly applied to that entire period, each change within the period is to be indicated, with the date of such change. These Requests also apply to any documents that refer or relate to activities or information requested about the relevant time period, whether or not such documents are dated or were created within the relevant time period.

### 11.    Singular and Plural "And" and "Or"

Any word written in the singular shall be construed as plural and any word written in the plural shall be construed as singular where necessary to facilitate complete answers. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this request any documents, communications, occurrences, or entities which might otherwise be construed to be outside of its scope.

### 12.    Distinct Copies are Distinct Documents

For the purposes of these Requests only, a document shall be considered a separate document from the original, and shall be separately produced, if it contains any marks, stamps, signatures, or writings that do not appear on the original. Drafts, and documents that are no longer in effect shall similarly be considered separate documents from the final or current document, and shall be

4

separately produced.

### 13. Identify all Destroyed Documents

If any documents responsive to this request were destroyed, archived, thrown away or are no longer in existence, state the date the document was created, that date it was destroyed, identify the person who destroyed it, the reason it was destroyed, and explain in detail the contents of the document.

### 14. Meaning of Words

Words used in these Requests shall have the meanings apparent from the context of the sentence. If the meaning of a word is unclear, it shall have the most common meaning found in the most recent edition of Black's Law Dictionary if therein, or the most common meaning found in the most recent edition of Webster's Unabridged Dictionary if not contained in Black's Law Dictionary.

### 15. Waiver of Objections

All objections to any requests and/or definitions and instructions, not made within 30 days after service of these Requests shall be deemed waived.

### 16. Bates Stamping Required

Documents produced shall be Bates stamped or otherwise individually and uniquely marked or numbered for purpose of identifying specific documents and distinguishing documents from one another.

### 17. Production in Original Form

Pursuant to the Federal Rules, plaintiff requests that defendant produce documents and other tangible things in their original form. This means that any responsive electronic data shall be produced electronically if possible. Any electronic materials shall be in their original form and shall not be altered or "scrubbed" in any way. If production in this form is not possible, plaintiff's counsel

5

should be contacted and the parties will resolve the matter in accordance with Rules 26 and 37.

18.     **Privilege Log Required**

Pursuant to Rule 26(b)(5), defendant shall make a log for any documents withheld from production based on any claimed privilege. The log shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

## DEFINITIONS

For the purpose of these Requests, the following definitions apply:

1.     **"Harris"** or **"Plaintiff"** means the named Plaintiff in this case, William Harris, and any of his agents, servants, attorneys, assigns or insurers.

2.     **"Entity"** means any individual, or an association of individuals and entities. Entity includes, but is not limited to, corporations, partnerships, unincorporated associations or other business entity and all present or former officers, directors, agents, employees or others acting or purporting to act on behalf thereof, trusts, estates, receivers and joint ventures, including every entity known to you, your attorneys and your agents.

3.     **"You"** and **"your"** means the person or entity to whom this discovery is directed and to persons acting on his, her, or its behalf, including officers, directors, agents, attorneys, or employees of such person or entity, and any merged, consolidated or acquired predecessor or parent, subsidiary division or affiliate thereof.

4.     **"Person"** means any natural person, proprietorship, private corporation, public corporation, municipal corporation, partnership, association, state or local governmental entity, political subdivision, public or private university or other institution of higher education, group,

6

association, committee, or any other organization or entity.

5.      The term "**document**" means the complete original (or a complete copy where the original is not available) and each nonidentical copy (where different from the original because of notes made on the copy or otherwise) of any writing or record, including but not limited to all written, typewritten, handwritten, printed, or graphic matter of any kind or nature, however produced or reproduced, any form of collected data for use with electronic data processing equipment, and any mechanical or electronic visual or sound recordings, including, without limitation, all tapes and discs, now or formerly in your possession, custody or control, including all documents as defined in the broadest sense permitted by Rule 34 of the Federal Rules of Civil Procedure. The term "document" includes, but is not limited to, any logs, invoices, purchase orders, checks, receipts, bills of lading, weight receipts, toll receipts, loading tickets, receiving tickets, shipping orders, manifests, inventories, letters and other correspondence, offers, contracts, agreements, bids, proposals, licenses, permits, reports to government agencies, ledgers, accounts receivable, accounts payable, account statements, financial statements, monthly reports, other reports, minutes of meetings, sales estimates, sales reports, source and use analyses, memoranda, notes, calendar or diary entries, agendas, bulletins, graphs, blueprints, charts, maps, photographs, drawings, surveys, data, sampling results, analytical results, descriptions of materials, load schedules, price lists, summaries, telegrams, teletypes, computer printouts, magnetic tapes, discs, microfilm, and microfiche.

6.      "**Communicate**" means to exchange information with any person or to transmit or receive information to or from any person. "**Communication**" means, signifies, and includes the exchanging of information between or among persons or the transmitting, receiving, or perceiving of information by any person to, by, or from any other person.

7.      "**Refer(s) to**" means mentioning, discussing, making reference to or relating to in any

7

way. "**Relate(s) to**" means constituting, defining, concerning, embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

8.    The terms "**identify**" **or** "**identity of**" means as follows:

(a)    "**identify**" **or** "**identity of**" with respect to a document shall mean to set forth the type of document (e.g., letter, memo, invoice, etc.), its date, the identity of its authors and recipients, title, if any, and subject matter. If a document is no longer in your possession, custody or control, so state, identify the document to the best of your knowledge and state what disposition was made of it, when, and by whom. In lieu of identifying a document, you may attach a copy of such document to your answer.

(b)    "**identify**" **or** "**identity of**" **with respect to a natural person** shall mean to set forth his or her <u>name</u>, his or her <u>business position and affiliation at the time in question</u>, his or her <u>last known business position and affiliation</u> and, if he or she is not currently employed by you, his or her <u>last known business and home addresses</u>, including <u>telephone numbers</u>. Once a person has been fully identified in your answer, such person may be identified thereafter by name alone.

(c)    The terms "**identify**" **or** "**identity of**" **with respect to a person other than a natural person** shall mean to set forth its name and principal business address, the nature of its business and the name and position of the individual purporting to act or speak for it or on its behalf.

(d)    The terms "**identify**" **or** "**identity of**" **with respect to a** "**statement**" **or** "**communication**" shall mean to identify person(s) making the statement or communication, whether the statement or communication was written or oral, the date of the statement or communication, the identity of the persons present at the time the statement or communication was made, the last known address of the person in possession of the statement or communication if the statement or

8

communication was written or any notes taken with respect to the statement or communication if it was oral.

(e)     The phrase **"identify all facts that support the contention [or allegation] that"** means to describe, in meaningful factual detail, all facts that support or tend to support the contention or allegation, and then, for each such fact to identify (as defined in sub-paragraphs (a)-(d) above) all persons with knowledge of the fact, all documents that you contend have probative value with respect to indicating that the fact is true, and all statements made that you contend have probative value with respect to indicating that the fact is true and to state the date up on which and the means by which you first became aware of such fact.

(f)     The phrase **"identify all facts that contradict the contention [or allegation] that"** means to describe, in meaningful factual detail, all facts that contradict or tend not to support the contention or allegation, and then, for each such fact to identify (as defined in sub-paragraphs (a)-(d) above) all persons with knowledge of the fact, all documents that you contend have probative value with respect to indicating that the fact is not true, and all statements made that you contend have probative value with respect to indicating that the fact is not true and to state the date and the means by which you first became aware of such fact.

## REQUESTS FOR ADMISSION

1.     Defendant's records indicate that plaintiff, William Harris, is a resident of this district.

2.     On May 5, 2007, defendants  presented plaintiff with a computer-generated receipt from its online store that displayed his card expiration date.

3.     Exhibit A is a copy of the receipt provided to plaintiff on May 5, 2007.

4.     On December 4, 2006, defendants knew that FACTA required it to truncate

9

certain portions of credit and debit card receipts.

5.      There are over 1,000 persons in Illinois to whom defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit or debit card number, and/or (b) the expiration date of the person's credit or debit card.

6.      There are over 500 persons in Illinois to whom defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

7.      On May 5, 2007, it was defendants' custom and policy to provide customers who purchased items a receipt with their credit or debt card expiration date printed on it.

8.      On December 4, 2006, defendants' knew that providing credit and/or debit card receipts with expiration dates printed on them was prohibited by FACTA and the FCRA.

9.      Defendants received at least one communication from a credit card company advising it to comply with FACTA's credit card truncation requirements before December 4, 2006.

10.      Defendants intended to violate the FACTA and the FCRA with respect to plaintiff and all other Illinois cardholders when it provided them an electronically printed email receipt after December 4, 2006, which receipt displayed either (a) more than the last five digits of the person credit or debit card number, and/or (b) the expiration date of the person's credit or debit card.

## INTERROGATORIES

1.      Explain with specificity what steps, if any, defendant has ever taken in order to comply with the FACTA amendment to the FCRA as it relates to truncation of credit card

10

information on receipts.

2.     Identify all departments, and all employees within those departments, that had any involvement in complying, ensuring compliance or attempting to ensure compliance with the FACTA amendment to the FCRA.

3.     Identify all third parties, agents or other entities that had anything to do with defendants' compliance or noncompliance with the FACTA amendment to the FCRA.

4.     Provide the number and identity of all persons with Illinois billing addresses to whom defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit or debit card number, and/or (b) the expiration date of the person's credit or debit card. Please include the person's name, address, email and the date the emails(s) were sent.

5.     Provide the number and identity of all persons with Illinois billing addresses to whom defendants sent an email receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit or debit card number, and/or (b) the expiration date of the person's credit or debit card. Please include the person's name, address, email and the date emails(s) were sent.

6.     Provide the number and identity of all persons with Illinois billing addresses to whom defendants sent an email receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit or debit card number, and/or (b) the expiration date of the person's credit or debit card, where the customer opted for in-store pickup of the item(s) purchased on the internet. Please include the person's name, address, email and the date emails(s) were sent.

11

7.     Explain why defendants set forth the expiration date on its receipts to plaintiff and the proposed class, and identify specifically any documents that support this explanation.

8.     State how and when you first learned of FACTA's truncation requirements, and identify what steps and/or procedures you or your agents have ever taken in order to prevent credit card expiration dates or more than five digits of the card number from being printed on receipts. Include the date the step was taken, the person(s) who decided to take the step, the person(s) who performed the step and how the step altered defendant's practices.

9.     Identify all third parties and/or vendors that have been involved in providing receipts to customers since January 1, 2000.

10.    Identify all third parties and/or vendors that have been involved in processing credit card transactions for Illinois customers since January 1, 2000.

11.    State and identify whether you received advertising referring to (a) truncation of credit card numbers or expiration dates or (b) the ability of hardware or software to print receipts that did not display expiration dates or portions of credit card numbers.

12.    Identify all persons who were involved in making the decision not to truncate credit card expiration dates on receipts provided to defendant's customers.

13.    Identify all persons (including agents and third parties) involved in deciding what remedial measures to take in response to this lawsuit or other similar lawsuits, what measures were taken, who implemented the remedial measures and when they were implemented.

14.    State the net income of defendant for 2004, 2005 and 2006.

15.    Please identify the person(s), by name, address and telephone number, responding to these requests, each person consulted in preparing the responses, the interrogatory answer(s) they were consulted about, and identify each document consulted or referred to by that

12

person.

16.     State whether there is any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of an award, judgment or settlement in this action or to indemnify or reimburse for payments made to satisfy any award, judgment or settlement which may be entered in this action. Also, identify all documents reflecting the existence of such an insurance or indemnification agreement.

17.     List all possible sources from which defendant may be able to compile a list of the persons to whom it provided an electronically printed receipt at the point of sale or transaction, in a transaction in an Illinois store occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

18.     Identify any documents or other things that are responsive to plaintiff's "Rule 34 Requests" below, that are not being produced. Explain the substance, creation date, whereabouts, and request to which they are responsive and of each of those things, and explain defendant's reason(s) for not producing them.

19.     Explain the corporate relationship between the defendants.

20.     Identify all claims and complaints (including pleadings and correspondence) you have received alleging noncompliance with FACTA, including but not limited to 15 U.S.C.§ 1681c(g).

## RULE 34 REQUESTS

1.      All records, data, documents or other things that refer to plaintiff, or any index, credit card or other account number or designation assigned to plaintiff.

2.      All documents concerning defendant's compliance with FACTA, including

13

15 U.S.C.§ 1681c(g).

      3.     All emails, memoranda or other electronically searchable materials on servers or in archived files, including documents sent to or from any employee or agent of defendant (including attorneys acting within the scope of their representation of defendant), created, sent, modified or distributed on or after January 1, 2004, that contains any of the following strings of characters and/or satisfies the following search criteria:

      a.     "FACTA", within the same email or email string as "1681c", and/or "1681(c)"

      b.     "FCRA" within the same email or email string as "1681c", and/or "1681(c)"

      c.     "truncate," within the same email or email string as "card number"

      d.     "expiration date" within the same email or email string as "block" , "truncate", "delete" or "exclude"

      e.     "receipt" within the same email or email string as "point of the sale"

      f.     "shall print more than the last 5 digits" within the same email or email string as "receipt".

The search shall be performed regardless of whether a term is preceded or followed by a space or another character, so that a search for "truncate" will turn up "truncated", "untruncated" and "truncated.".

      4.     All written policies and other documents concerning defendant's compliance or noncompliance with the FCRA, including but not limited to the violations alleged in this lawsuit.

      5.     All documents that concern or discuss truncation of any portion of credit and/or debt card numbers.

      6.     All documents that concern or discuss truncation of any portion of credit and/or debt card expiration dates.

14

7.     All documents concerning defendant's document destruction policy as it pertains to any materials requested in these discovery requests.

8.     All documents that demonstrate or tend to show that inclusion of expiration dates as complained of in this lawsuit was the result of any error.

9.     All memoranda, written policies, practices or manuals or other documents that discuss safeguarding defendant's customers' privacy or identity theft.

10.    All memoranda, written policies, practices or manuals or other documents (including legal memoranda, communications and other documents) that discuss avoiding liability under FACTA and/or the FCRA.

11.    A copy of the complaint and the initial communication for all lawsuits, BBB complaints, or attorney general or FTC communications or complaints regarding defendant's compliance or noncompliance with FACTA and/or the FCRA since January 1, 2002.

12.    All communications between defendant, or defendant's attorneys, and any third party regarding plaintiff, this lawsuit or compliance with 15 U.S.C. § 1681c(g).

13.    A copy of any communication, including advertisements, received from any third party from, including but not limited to: credit card companies, credit card machine vendors or merchants or banks,  regarding truncation of credit card information on receipts or FACTA.

14.    A copy of the user manuals for every credit card terminal that processed credit card transactions in Illinois from January 1, 2000.

15.    Federal tax returns for defendant for 2004, 2005 and 2006.

16.    A copy of any insurance agreement that may require any third party to help satisfy all or part of any judgment, award or settlement of this case, to or pay for any part of the defense costs or fees or indemnification.

15

17.     All communications to or from Ambiron TrustWave that mention truncation

of information on receipts, FACTA and/or 15 U.S.C. § 1681c(g).

18.     All communications to or from ATW Corp. that mention truncation of

information on receipts, FACTA and/or 15 U.S.C. § 1681c(g).

19.     All contracts and agreements for hardware or software used to process credit

or debit card transactions or issue receipts in such transactions.

20.     All documents relating to Payment Application Best Practices.

21.     A copy of every record or document that is within defendant's custody and/or

control that may assist development of a list of Illinois persons who were provided with receipts that

contain their credit card expiration date.

Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092 (office)
(312) 726-1093 (fax)

16

## CERTIFICATE OF SERVICE

        I, Keith J. Keogh, hereby certify that I served the forgoing discovery requests upon the parties below on June 19, 2007 by United States Mail and facsimile

Thomas B. Keegan
Edward W. Gleason
Keegan, Laterza, Lofgren & Gleason, LLC.
566 W. Adams Street, Suite 750
Chicago, Illinois  60661
(312) 655-0200 (office)
(312) 655-0202 (fax)

Emily J. Prentice
Robins, Kaplan, Miller & Ciresi, LLP.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
(612) 349-8500 (office)
(612) 339-4181 (fax)

Keith J. Keogh

# Exhibit 2

## Alexander H. Burke

**From:** Alexander H. Burke [ABurke@Keoghlaw.com]

**Sent:** Wednesday, September 05, 2007 8:42 AM

**To:** 'Prentice, Emily J.'; 'Keith@KeoghLaw.com'

**Subject:** RE: settlement conference dates

I'll let you know when I hear the client's schedule.

Is Best Buy going to be making a production soon? While I understand that we have been working on the protective order, the responses are long overdue.

Alex

Law Offices of Keith J. Keogh, LTD.
227 W. Monroe St., Ste. 2000
Chicago, Il. 60606
312.726.1092
312.762.5933 (direct)
312.726.1093 (fax)
ABurke@Keoghlaw.com

### PRIVILEGED COMMUNICATION

This e-mail and any attachments may contain confidential material or other matters protected by the attorney-
client privilege. Unless you are the addressee (or authorized by the addressee to receive this e-mail for the
addressee) you may not copy, use or distribute it. If you received this e-mail in error, please contact the sender.

-----Original Message-----
**From:** Prentice, Emily J. [mailto:EJPrentice@rkmc.com]
**Sent:** Tuesday, September 04, 2007 4:29 PM
**To:** Alexander H. Burke
**Subject:** settlement conference dates

>>>> Please read the confidentiality statement below <<<<
Alex,

Just following up on these dates to see what works for you and your client. Let me know and I will contact the courtroom deputy.

Thanks,
Emily

**From:** Prentice, Emily J.
**Sent:** Thursday, August 30, 2007 4:44 PM
**To:** Alexander H. Burke
**Cc:** Lockner, Anne M.; Prentice, Emily J.; Thomas Keegan
**Subject:** RE: Protective Order

Alex,

I just spoke to Magistrate Ashman's courtroom deputy who said that we do not need to file anything, but can reschedule the settlement conference through her. She informed me that Magistrate Ashman has availability on the following dates and times:

October 12    11:00 am
October 17    11:00 a.m. and 2:00 p.m.
October 18    11:00 a.m.
October 19    11:00 a.m.

(Apparently he will be in judge's training the entire weeks of September 24 and October 1.) Please check with your client and let me know which dates work best for you, and I will do the same on my end. (FYI - Ashman's deputy will be out tomorrow, so I told her I would call her on Tuesday with our new agreed-upon date.) I will also keep you posted on our document production.

I hope you have a very nice weekend too. Even though I will be out tomorrow, I will still be checking messages, so feel free to let me know about this.

Thanks,
Emily

**From:** Alexander H. Burke [mailto:ABurke@Keoghlaw.com]
**Sent:** Thursday, August 30, 2007 12:28 PM
**To:** Prentice, Emily J.
**Subject:** RE: Protective Order

We're also okay with postponing the settlement conference by a week or two, as long as it does not slow production of materials.


Law Offices of Keith J. Keogh, LTD.
227 W. Monroe St., Ste. 2000
Chicago, Il. 60606
312.726.1092
312.762.5933 (direct)
312.726.1093 (fax)
ABurke@Keoghlaw.com

## PRIVILEGED COMMUNICATION

This e-mail and any attachments may contain confidential material or other matters protected by the attorney-
client privilege. Unless you are the addressee (or authorized by the addressee to receive this e-mail for the
addressee) you may not copy, use or distribute it. If you received this e-mail in error, please contact the sender.

-----Original Message-----
**From:** Prentice, Emily J. [mailto:EJPrentice@rkmc.com]
**Sent:** Thursday, August 30, 2007 12:05 PM
**To:** Alexander H. Burke
**Cc:** Prentice, Emily J.
**Subject:** RE: Protective Order

>>>> Please read the confidentiality statement below <<<<
Alex,

Per our conversation, attached please find defendants' unopposed motion for entry of the protective order, as well as the revised protective order (which has been revised only to reflect that is is not a stipulation). Please note that our local counsel has not yet had a chance to review this, but assuming it meets with their approval, I will work with them to file this today or Tuesday at the latest. (I will not be in the office tomorrow.)

Please let me know if the protective order meets with your approval.

Thanks,
Emily

**From:** Alexander H. Burke [mailto:ABurke@Keoghlaw.com]
**Sent:** Thursday, August 30, 2007 11:35 AM
**To:** Prentice, Emily J.
**Subject:** RE: Protective Order

I'm not sure what the new last sentence to paragraph 10 means. Could you exlain?

Law Offices of Keith J. Keogh, LTD.
227 W. Monroe St., Ste. 2000
Chicago, Il. 60606
312.726.1092
312.762.5933 (direct)
312.726.1093 (fax)
ABurke@Keoghlaw.com

### PRIVILEGED COMMUNICATION

This e-mail and any attachments may contain confidential material or other matters protected by the attorney-
client privilege. Unless you are the addressee (or authorized by the addressee to receive this e-mail for the
addressee) you may not copy, use or distribute it. If you received this e-mail in error, please contact the sender.

-----Original Message-----
**From:** Prentice, Emily J. [mailto:EJPrentice@rkmc.com]
**Sent:** Thursday, August 30, 2007 11:22 AM
**To:** Alexander H. Burke
**Subject:** FW: Protective Order

>>>> Please read the confidentiality statement below <<<<
Alex,

Hi there. Just following up to see if you had a chance to review this, and whether you have any additional questions? I am planning to be out of the office tomorrow, so ideally I would like to get this filed today. I am around all day if you want to talk.

Thanks,
Emily

**From:** Prentice, Emily J.
**Sent:** Wednesday, August 29, 2007 11:40 AM
**To:** 'Alexander H. Burke'; 'Keith J. Keogh'
**Cc:** Lockner, Anne M.
**Subject:** RE: Protective Order

Alex,

Attached please find the revised protective order, which reflects the agreement reached by the parties during our telephone conferences on August 27 and August 28, and as detailed in the email below.

Please note that, in addition to the revisions discussed in the email below, I also added some additional language to paragraph 1 to reflect that confidential documents should be identified by placing the legend "CONFIDENTIAL" on all such documents. Also, though I inserted the revised version of paragraph 10 as set forth below, I kept the last sentence from the old paragraph 10, which states that the procedures set forth in paragraph 10 shall also apply to any objections regarding the disclosure of confidential materials to Litigation Consultants as set forth in paragraph 2(f). Both of these changes are highlighted in the attached document. Please let me know if they are acceptable to you.

Please let me know if you have any questions. If possible, I would like to get this filed today or tomorrow as I will be out of the office on Friday.

Thanks,
Emily

**From:** Prentice, Emily J.
**Sent:** Tuesday, August 28, 2007 5:12 PM
**To:** Alexander H. Burke; 'Keith J. Keogh'
**Cc:** Lockner, Anne M.; Prentice, Emily J.
**Subject:** RE: Protective Order

Alex,

It was good speaking to you this afternoon. As we discussed, I will circulate an amended version of the protective order tomorrow, and assuming it meets with your approval, we will plan to filed the same this week. Set forth below in blue and ALL CAPS is my understanding of the agreement we reached during our telephone conversations yesterday and today with respect to the various terms of the protective order. If you have a different understanding of any of these terms, please let me know. Likewise, let me know if you have any additional questions.

Thanks,
Emily

**From:** Alexander H. Burke [mailto:ABurke@Keoghlaw.com]
**Sent:** Monday, August 27, 2007 4:34 PM
**To:** Prentice, Emily J.; 'Keith J. Keogh'
**Subject:** Protective Order

Emily,

Here are our positions with respect to the issues we discussed this afternoon, by paragraph number:

1. We will not agree that information that is the subject of a non-disclosure agreement with a third party is properly designated confidential unless it falls within another designation in paragraph 1, in which case your client would not need another reason. We are willing to "agree to disagree" and take this issue before Judge St. Eve, if necessary. BEST BUY WILL AGREE TO OMIT THIS LANGUAGE FROM PARAGRAPH 1.

2.

3. PLAINTIFF AGREED DURING OUR CALL ON 8-27-07 TO INCLUDE "NON-PUBLIC FINANCIAL INFORMATION" AS A PROTECTED CATEGORY.

1. In an effort to get this done, we are willing to agree to the sentence "only in connection with this action" sentence PLAINTIFF HAS AGREED TO INCLUDE THE PHRASE "ONLY IN CONNECTION WITH THIS ACTION" AT THE END OF PARAGRAPH 1.

2.

3. 7. BEST BUY AGREED DURING OUR CALL ON 8-27-07 TO SUBSTITUTE THE LANGUAGE "OR IS NOT PROPERLY DESIGNATED AS "CONFIDENTIAL INFORMATION" AT THE END OF PARAGRAPH 7.

1. It should be Best Buys' burden of demonstrating to the Court that disputed documents (or any documents at all) are properly designated. Therefore, we propose replacing the entire paragraph 10 with the following:

   IF ANY PARTY OBJECTS to the designation of " Confidential Information , " IT shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within fourteen (14) days after such objection, the parties and any other objecting person(s) shall confer in good faith in an effect to resolve the objections. If such conference does not resolve the objection, the designating person may apply to the Court, by motion, for a ruling that material designated by a party as confidential shall be treated as confidential. The designating party shall have the burden of demonstrating the propriety of that designation. Pending determination by the Court, material designated by a party as confidential shall be treated as provided in this Order. Failure of the designating party to apply for a ruling within fourteen (14) days of such conference waives its right to confidentiality for such documents unless this time is extended by mutual consent of the parties.

This is another issue that we are willing to take before the judge if we cannot agree tomorrow. BEST BUY WILL AGREE TO SUBSTITUTE THE ABOVE LANGUAGE AS PARAGRAPH 10 WITH THE ABOVE PROPOSED REVISIONS.

## 12. BEST BUY AGREES TO OMIT PROPOSED PARAGRAPH 12.

13. We are willing to agree to the twenty day period as you suggested. PLAINTIFF HAS AGREED TO THE LANGUAGE PROPOSED BY BEST BUY IN PARAGRAPH 13, INCLUDING MAKING IT A 20 DAY PERIOD.

14. We are willing to take the burden of justifying why things are properly confidential in our motion to file things under seal, but Best buy will be subject to our justifications if they don't provide them earlier. If Best Buy provides us with justifications upon production it will not have to rely upon ours, that will likely be made while under time pressures, and without sufficient evidence (i.e. affidavits). PLAINTIFF HAS AGREED TO THE LANGUAGE PROPOSED BY BEST BUY IN PARAGRAPH 14 AS LONG AS THE ADDITIONAL LANGUAGE FROM BELOW IS INCLUDED INTO THAT PARAGRAPH.

Finally, I've had proposed protective orders bumped because they did not have

something like:

> In accordance with United States District Court for the Northern District of Illinois'
> Local Rule 26.2(g), when the case is closed, the Clerk of the Court shall maintain
> the documents as restricted documents for a period of sixty-three (63) days
> following the final disposition including appeals. Except where the Court, in
> response to a request of a party or on its own motion, orders otherwise, at the
> end of the sixty-three (63) day period the Clerk shall return the documents
> submitted to the Court which bear the legend designated in Paragraph 5 or 10
> above in the sealed enclosure to the attorney or party that filed it. THE
> PARTIES HAVE AGREED TO ADD THIS PARAGRAPH TO THE PROTECTIVE
> ORDER.

And:

> Confidential Information may be used or submitted to the Court in connection
> filings or proceedings in this litigation pursuant to the procedures and restrictions
> set forth in Local Rule 26.2 of the United States District Court for the Northern
> District of Illinois. If confidential material is submitted as an exhibit or is
> incorporated in a pleading, brief or other material submitted to the Court, the
> submitting party shall file with the Clerk of the Court a copy of the pleading or
> brief with the Confidential Material redacted. In addition, the submitting party
> shall file under seal the original pleading or brief without redaction. THE
> PARTIES HAVE AGREED TO INCORPORATE THIS LANGUAGE INTO
> PARAGRAPH 14.

We should add these two or something like them to the draft order to preempt any
problems.

I look forward to speaking with you tomorrow at 2:00.

Alex Burke


Law Offices of Keith J. Keogh, LTD.
227 W. Monroe St., Ste. 2000
Chicago, Il. 60606
312.726.1092
312.762.5933 (direct)
312.726.1093 (fax)
ABurke@Keoghlaw.com

### PRIVILEGED COMMUNICATION

This e-mail and any attachments may contain confidential material or other matters
protected by the attorney-
client privilege. Unless you are the addressee (or authorized by the addressee to receive
this e-mail for the
addressee) you may not copy, use or distribute it. If you received this e-mail in error,
please contact the sender.

_____

Information contained in this e-mail transmission may be privileged,
confidential and covered by the Electronic Communications
Privacy Act, 18 U.S.C. Sections 2510-2521.

If you are not the intended recipient, do not read, distribute, or reproduce this transmission.

If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.

Pursuant to requirements related to practice before the U. S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U. S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Thank you in advance for your cooperation.

Robins, Kaplan, Miller & Ciresi L.L.P.
http://www.rkmc.com

# Exhibit 3

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

ATTORNEYS AT LAW

**EMILY J. PRENTICE**
612-349-8755

September 6, 2007

**BY EMAIL**

Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe St., Suite 2000
Chicago, IL 60606

     Re:    Harris v. Best Buy Co., Inc. et al., Case No. 07 C 2559
            Our File No.: 011082-2569

Dear Alex:

I am writing in response to your emails dated September 4 and 5, 2007. As we discussed last week, while Best Buy is striving to produce responsive documents in as quick and expedient a manner as possible, you must keep in mind that Best Buy is one of the largest corporations in the country and it can take weeks to determine which documents are responsive given the large number of employees potentially affected and the complexity of Best Buy's operations and systems. Moreover, as we also discussed, much of what Plaintiff has requested constitutes or contains attorney-client privileged communications, which require careful and time-consuming review and redaction. It is for these reasons that I proposed (and you agreed) to continue the settlement conference in this matter—to give Best Buy the time it needs to gather and produce the requested documents, and Plaintiff the time he will need to review such documents, all in advance of the settlement conference. Given that the Court entered the protective order earlier this week, I expect that we can begin producing documents on a rolling basis as early as next week; however, I will contact you should any unforeseen problems arise.

I have also received your correspondence that you and your client are available to continue the settlement conference on October 19, 2007. Unfortunately, that date does not work for my client. Accordingly, I contacted Magistrate Ashman's courtroom deputy and obtained the following alternative dates, all of which work for Best Buy:

| | |
|---|---|
| November 6 | 2:00 p.m. |
| November 7 | 11:00 a.m. |
| November 8 | 11:00 a.m. |
| November 19 | 2:00 p.m. |
| November 20 | 2:00 p.m. |

Alexander H. Burke
September 6, 2007
Page 2

Please let me know which of these dates works for you and your client, and I will contact the deputy to reschedule the settlement conference.

Sincerely,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

Emily J. Prentice

cc:    Anne Lockner, Esq.

MP3 20240380.1