# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM HARRIS, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) ) | No. 07 C 2559 |
| v. ) ) | |
| BEST BUY CO., INC. and BESTBUY.COM, LLC, ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff William Harris, individually and on behalf of all others similarly situated, brings the present one-count class action Amended Complaint alleging that Best Buy Co. Inc. and Bestbuy.com, LLC (collectively "Best Buy") violated the Fair and Accurate Transactions Act of 2003 ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*. Before the Court is Harris' Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23. For the following reasons, the Court, in its discretion, grants Harris' motion.

## BACKGROUND

In his Amended Complaint, Harris alleges that Best Buy willfully violated Section 1681c(g) of FACTA, and thus failed to protect Harris and others against identity theft and credit card and debit card fraud by printing more than the last five digits of the card number and/or the expiration date on receipts provided to debit card and credit card cardholders transacting business with Best Buy. (R. 54-1, Amend. Compl. ¶ 4.) Harris brings his claim under 15 U.S.C. § 1681c(g), which provides:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c(g)(1). Harris further alleges that Best Buy was aware of FACTA's truncation requirement that started on December 4, 2006, yet when he made a purchase from Best Buy's website on May 15, 2007, a computer generated receipt displayed his credit card's expiration date. (*Id.* ¶¶ 12, 13.)

Harris brings this action on behalf of a class. (*Id.* ¶ 14.) In the Amended Complaint, Harris defines the proposed class as follows:

> The class is defined as all persons in Illinois to whom Best Buy provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person['s] credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.

(*Id.* ¶ 15.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(a) states that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a); *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 513 (7th Cir. 2006) (class must satisfy requirements of numerosity, commonality, typicality, and adequacy of representation). Failure to meet any of these Rule 23(a) requirements precludes class certification. *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993).

In addition to satisfying the requirements under Rule 23(a), a party seeking class certification must also establish that the proposed class satisfies one of the requirements set forth in Rule 23(b). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997); *Oshana*, 472 F.3d at 513. In this case, Harris requests certification of the proposed class pursuant to Rule 23(b)(3), which applies when "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3); *see also Amchem Prods.*, 521 U.S. at 615. As the Seventh Circuit instructs, "Rule 23(b)(3) was designed for situations ... in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006). Under Rule 23(b)(3), members of a certified class may opt out and pursue their claims individually. *Id.; In re Allstate Ins. Co.,* 400 F.3d 505, 508 (7th Cir. 2005).

The party seeking class certification bears the burden of establishing that certification is proper. *See Oshana,* 472 F.3d at 513; *Retired Chicago Police Ass'n v. City of Chicago,* 7 F.3d 584, 596 (7th Cir. 1993). In determining whether a party has carried that burden, a court need not accept all of the complaint's allegations as true. *See Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Rather, in deciding whether to certify a class, the court "should make whatever factual and legal inquiries are necessary under Rule 23." *Id.* at 676. Finally, district courts have broad discretion in determining motions for class certification. *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 345, 99 S.Ct. 2326, 2334, 60 L.Ed.2d 931 (1979) (Rule 23 vests district courts with broad power and discretion); *Payton v. County of Carroll,* 473 F.3d 845, 847 (7th Cir. 2007) (appellate review of district court's class certification is for abuse of discretion).

## ANALYSIS

I. **Federal Rule of Civil Procedure 23(a)**

   A. **Numerosity**

To satisfy the numerosity requirement under Rule 23(a)(1), Harris must show that the number of members in the proposed class is so large that joinder would be impracticable. *See Pruitt v. City of Chicago, Ill.,* 472 F.3d 925, 926 (7th Cir. 2006). In his Amended Complaint, Harris alleges that there are over 100 persons in Illinois to whom Best Buy provided an electronically printed receipt at the point of sale or transaction occurring after December 4, 2006. (Am. Compl. ¶ 17.) Harris also sets forth evidence that Best Buy estimated that between December 4, 2006 and May 22, 2007, approximately 195,450 individuals in Illinois made purchases on Best Buy's website. (R. 41-2, Ex. 6, at 9.) Although there is no bright-line test for numerosity, a class of at least forty members is generally sufficient to satisfy the numerosity requirement. *See Pruitt,* 472 F.3d at 926; *Cavin v. Home Loan Ctr., Inc.*, 236 F.R.D. 387, 392 (N.D. Ill. 2006).

Here, Best Buy argues that Harris cannot meet the numerosity requirement because the class definition depends on an unascertainable fact – whether each class member printed the confirmation page of his or her online transaction from Best Buy's website. Specifically, when customers purchase an item on Best Buy's website, before the order is submitted, a screen entitled "Review & Submit Your Order" appears. (R. 53-1, Ex. 3, ¶ 2.) If the customer concludes that the "Review & Submit Your Order" screen is correct, she can then click on the "Submit Your Order" button. (*Id.* ¶ 2.) Thereafter, a screen appears stating "Thank You for Your Order," which is the confirmation page that supplies a summary of the order including

4

credit card information.  (*Id.* ¶ 4.)  An online customer may print this confirmation page or print her receipt under the "Order Status" section at Bestbuy.com.  (*Id.* ¶ 6.)

Based on the premise that an online customer must print her receipt to have a cognizable claim under Section 1681c(g), Best Buy argues that the number of class members is unascertainable.  First, Best Buy's argument presumes that the class definition only includes online purchasers and not customers who visited Best Buy's "brick and mortar" stores.  *See Harris v. Circuit City Stores, Inc.,* No. 07 C 2512, 2008 WL 400862, at *4 (N.D. Ill. Feb. 8, 2008) ("Consumers who received receipts from brick and mortar stores are a distinct group from those who received receipts online.").  Harris does not dispute Best Buy's argument, and thus the Court limits the class definition to individuals who made online purchases.  The new class definition reads as follows:

> The class is defined as all persons in Illinois to whom Best Buy provided an electronically printed receipt at the point of sale or transaction, in an ***online*** transaction occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card.  Excluded from this class definition are Defendants and those affiliated with them, as well as the judicial officers presiding over this case and their immediate families.[1]

(emphasis added).  *See Murray v. E*Trade Fin. Corp.,* 240 F.R.D. 392, 395 (N.D. Ill. 2006) (district court has discretion to modify proposed class definition).

Next, Best Buy argues that the class cannot be ascertained because each class member was required to print a receipt from its website to have a cognizable claim under Section

---

[1] Where the class definition may encompass a large number of plaintiffs, it is prudent for the district court to exclude itself and defendants from the class definition to avoid any conflicts of interest.  *See, e.g., Karvaly v. eBay, Inc.,* 245 F.R.D. 71, 77 n.13 (E.D.N.Y. 2007); *Hillis v. Equifax Consumer Serv., Inc.,* 237 F.R.D. 491, 496 n.5 (N.D. Ga. 2006); *Zehel-Miller v. Astrazenaca Pharm., LP,* 223 F.R.D. 659, 661 n.1 (M.D. Fla. 2004); *In re Universal Serv. Fund Tel. Billing Practices Litig.,* 219 F.R.D. 661, 664 n.2 (D. Kan. 2004).

1681c(g). Put differently, Best Buy argues that the term "electronically printed" in Section 1681c(g)(2) means that the receipt must have been printed as a hard copy – and because it would be difficult to ascertain who printed their confirmation page – Harris cannot fulfill the numerosity requirement. Harris, on the other hand, asserts that under FACTA, information merely placed on a computer screen – and not printed on paper – amounts to an "electronically printed" receipt under Section 1681c(g)(2).

Section 1681c(g)(2) states:

> This subsection shall apply only to receipts that are ***electronically printed***, and shall not apply to transactions in which the sole means of recording a credit card or debit card account number is by handwriting or by an imprint or copy of the card.

(emphasis added). Because FACTA does not define the term "electronically printed," the Court turns to the meaning of "print" by looking at the plain language of the statute. Where the statute's language is plain, "the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (citation omitted). In interpreting statutes, courts give words their plain and ordinary meaning "unless doing so would frustrate the overall purpose of the statutory scheme, lead to absurd results, or contravene clearly expressed legislative intent." *Gillespie v. Equifax Info. Servs., L.L.C.* 484 F.3d 938, 941 (7th Cir. 2007) (citations omitted). Also, courts "must construe statutes in the context of the entire statutory scheme and avoid rendering statutory provisions ambiguous, extraneous, or redundant; we favor the more reasonable result; and we avoid construing statutes contrary to the clear intent of the statutory scheme." *Id.* (citations and quotations omitted). Courts often look to dictionaries to determine the plain meaning of words. *Id*.

The Court turns to how the term "print" was defined at the time Congress enacted FACTA in 2003. *Sanders v. Jackson,* 209 F.3d 998, 1000 (7th Cir. 2000) ("we look at how a phrase was defined at the time the statute was drafted and enacted"); *see also Chicago Lawyers' Committee for Civil Rights v. Craigslist, Inc.,* 461 F.Supp.2d 681, 699 n.18 (N.D. Ill. 2006).[2] The Merriam-Webster Collegiate Dictionary, Eleventh Edition – that was published in 2003 – defines the verb "print" as follows:

> 1    a**:** to impress something in or on
> b**:** to stamp (as a mark) in or on something
>
> 2    a**:** to make a copy of by impressing paper against an inked printing surface
>
>     b**:**
>         (1)**:** to impress (as wallpaper) with a design or pattern
>         (2)**:** to impress (a pattern or design) on something
>
>     c**:** to publish in print
>
>     d**:** print out; also**:** *to display on a surface (as a computer screen) for viewing*
>
> 3**:** to write in letters shaped like those of ordinary roman text type
>
> 4**:** to make (a positive picture) on a sensitized photographic surface from a negative or a positive.

*Merriam-Webster Collegiate Dictionary* (11th ed. 2003) (emphasis added). As such, the plain and ordinary meaning of "electronically printed" under Section 1681c(g)(2) includes "to display on a surface (as a computer screen) for viewing." *See Gillespie,* 484 F.3d at 941.

---

[2] In *Craigslist*, this Court relied upon Webster's Third New International Dictionary (1981) for the definition of "print" as stated in the Federal Housing Act, 42 U.S.C. 3604(c), which was enacted prior to 1981. The Court clearly stated that it was construing the word print "as defined when Congress enacted the FHA." *Id*. at 699 n.18. Thus, Best Buy's reliance on the definition of "print" in *Craigslist* is misplaced.

Including computer screen displays as printed receipts under Section 1681c(g) is also supported by Congress' purpose behind enacting FACTA. Specifically, the preamble to FACTA describes that the legislation was enacted "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes." Pub.L. No. 108-159, 117 Stat. 1952. Indeed, as a district court in the Southern District of Florida recently reasoned:

> Defendant's argument that Congress aimed to reduce the likelihood of sensitive personal information falling into the wrong hands by mandating truncated information on in-store paper receipts while failing to mandate the same truncation requirements on electronic receipts transmitted over vulnerable digital communication lines is unreasonable.

*Grabein v. 1-800-Flowers.com, Inc.,* No. 07 CIV 22235, 2008 WL 343179, at *3 (S.D. Fla. Jan. 29, 2008). The Court agrees. Therefore, Best Buy's argument that Harris cannot fulfill the numerosity requirement under Rule 23(a)(1) fails because each class member is not required to print a hard copy of their receipt to have a cognizable claim under Section 1681c(g). Moreover, Harris has fulfilled the numerosity requirement based on Best Buy's estimate that approximately 195,450 individuals in Illinois made purchases on Best Buy's website from December 4, 2006 to May 22, 2007.

### B. Commonality

Rule 23(a)(2) requires that Harris prove the existence of questions of fact or law common to the proposed class. *See Culver v. City of Milwaukee,* 277 F.3d 908, 910 (7th Cir. 2002) (class must be reasonably homogeneous); *see also Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Keele,* 149 F.3d at 594. A common nucleus of fact is manifest where a defendant has "engaged in standardized conduct towards members of the proposed class." *Id.*

Best Buy argues that Harris cannot meet the commonality requirement because whether a confirmation page was printed would vary among each class member.  Because the Court has rejected Best Buy's argument that class members were required to print their receipt from its website based on the plain meaning of the statute, Best Buy's argument concerning commonality fails.  Meanwhile, Harris' claim under Section 1681c(g) is based on Best Buy's standardized conduct – that Best Buy's online receipts displayed either more than the last five digits of the person's credit card or debit card number, and/or the expiration date of the person's credit or debit card.  Thus, Best Buy's conduct is the same with respect to all proposed class members. *See Keele,* 149 F.3d at 594 (common nucleus of fact requirement fulfilled if defendant "engaged in standardized conduct towards members of the proposed class.").  Harris has fulfilled the commonality requirement under Rule 23(a)(2).

### C. Typicality

Under Rule 23(a)(3), "the typicality requirement primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *Retired Chicago Police*, 7 F.3d at 596-97; *see also De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) ("plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.").  "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

Again, Best Buy argues that because Harris cannot prove that all class members printed a receipt for their online purchases, the typicality requirement cannot be met. The Court rejects any such argument as stated above. Furthermore, Harris' interests are aligned with those in the proposed class by virtue of the class definition, namely, that Best Buy subjected each class member to the same practice as Harris. *See Stokely-Van Camp*, 713 F.2d at 232 (plaintiff's claim typical if it arises from same practice or course of conduct giving rise to other class members' claims). In short, in pursuing his own claims, Harris will advance the interests of the proposed class. Harris has thus fulfilled the typicality requirement under Rule 23(a)(3).

**D.      Adequacy**

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem,* 521 U.S. at 625; *see also Asher v. Baxter Int'l Inc.,* 505 F.3d 736, 737 (7th Cir. 2007) ("Minimum standards of adequacy are the domain of Fed.R.Civ.P. 23(a)(4), which permits a class action only if 'the representative parties will fairly and adequately protect the interests of the class.'"). To establish the adequacy requirement, class representatives must show that (1) their claims are not antagonistic or in conflict with those of the proposed class, (2) they have sufficient interest in the outcome of the case, and (3) experienced, competent counsel represents them. *See Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).

Here, Best Buy maintains that because Harris is bringing his claim on the basis of wilfulness under 15 U.S.C. § 1681n, he is abandoning individuals who have claims based on negligence. In other words, Best Buy contends that Harris is not an adequate representative because he is not seeking actual damages on behalf of the individual class members, but only

statutory damages as provided in Section 1681n. As such, Best Buy argues that Harris' claims are antagonistic and in conflict with proposed class members who have actual damages.

The Seventh Circuit rejected this argument over two years ago in *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006), in which the Seventh Circuit reasoned that because actual damages in FCRA cases are usually small, class treatment would be impracticable if counsel had to seek actual damages for every class member. *Id.* ("Refusing to certify a class because the plaintiff decides not to make the sort of person-specific arguments that render class treatment infeasible would throw away the benefits of consolidated treatment."); *see also Hernandez v. Chase Bank, USA,* 243 F.R.D. 285, 289 (N.D. Ill. 2006). More specifically, the Seventh Circuit held that "[u]nless a district court finds that personal injuries are large in relation to statutory damages, a representative plaintiff must be allowed to forego claims for compensatory damages in order to achieve class certification." *Murray,* 434 F.3d at 953. The *Murray* court further instructed that if a few class members' injuries are substantial, those class members may opt out and litigate their claims independently. *Id.*

Accordingly, Best Buy's argument that Harris does not fulfill the adequacy requirement because he is only seeking statutory damages fails based on controlling Seventh Circuit precedent. Moreover, Harris has fulfilled the adequacy requirement under Rule 23(a)(4) because his claim is not antagonistic to the proposed class' claims, he has an interest in the outcome of the case, and his counsel is experienced and competent. *See Rosario,* 963 F.2d at 1018. In short, there are no inconsistencies between Harris' claim and the class members' claims. *See Uhl v. Thoroughbred Tech. & Telecomm., Inc.,* 309 F.3d 978, 985 (7th Cir. 2002).

Because Harris has fulfilled the four prerequisites under Rule 23(a), the Court turns to whether he has established the predominance and superiority requirements under Rule 23(b)(3).

## II.     Federal Rule of Civil Procedure 23(b)(3)

Under Rule 23(b)(3), the Court must determine whether (1) the questions of fact or law common to the class members predominate over questions affecting only the individual class members, and (2) a class action is superior to other available methods of adjudicating plaintiffs' claims. *See Amchem Prods.,* 521 U.S. at 615; *In re Bridgestone/Firestone, Inc.,* 288 F.3d 1012, 1019 (7th Cir. 2002).

### A.          Predominance

Under Rule 23(b)(3), "questions of law or fact common to class members [must] predominate over any questions affecting only individual members." Fed.R.Civ.P. 23(b)(3). In other words, the "Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem,* 521 U.S. at 623 (predominance requirement more demanding than the commonality requirement under Rule 23(a)(2)). Thus, when there is no factual link supporting each class member's claim, class treatment is inappropriate. *See Pastor v. State Farm Mut. Auto. Ins. Co.,* 487 F.3d 1042, 1047 (7th Cir. 2007) ("when a separate evidentiary hearing is required for each class member's claim, the aggregate expense may, if each claim is very small, swamp the benefits of class-action treatment."). Likewise, class action lawsuits based on state law claims – such as mass tort lawsuits – are not well-suited for class treatment. *In re Bridestone/Firestone*, 288 F.3d at 1020 (class action inappropriate unless litigants are governed by same legal rules).

Here, the class plaintiffs have a common question of law – whether Best Buy provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, that displayed either more than the last five digits of the class member's credit card or debit card number, and/or the expiration date of the class member's credit or debit

12

card in violation of Section 1681c(g). Because there are no other legal questions at issue, whether Best Buy violated Section 1681c(g) predominates this lawsuit. In addition, there are no questions of fact peculiar to certain class members or uncommon questions that would detract from the cohesiveness of the proposed class' claims. *See Amchem Prods.,* 521 U.S. at 624. Therefore, individual questions of law and fact will not predominate over the common questions of this litigation.

Best Buy nonetheless argues that there are individualized questions of fact, namely, whether each class member printed a receipt from its website. Because the Court rejects Best Buy's argument that each class member was required to make a hard copy of the confirmation page on Best Buy's website in order to bring a Section 1681c(g) claim, Best Buy's argument is unavailing.

### B. Superiority

Finally, the Court must determine whether a class action is superior to other available methods for the adjudication of the proposed class' claims. *See Szabo,* 249 F.3d at 676. A class does not satisfy the superiority requirement if its claims are not governed by the same legal rules. *See In re Bridgestone/Firestone,* 288 F.3d at 1015. Here, there is no dispute that the proposed class' claims are uniform and governed by the same law, namely, the 2003 FACTA amendment to the FCRA. *See* 15 U.S.C. § 1681c(g). More importantly, the Seventh Circuit teaches that class treatment for actions involving thousands of consumer class members with the exact same claim are superior to individual actions:

> Rule 23(b)(3) was designed for situations such as this, in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate. Reliance on federal law avoids the complications that can plague multi-state classes under state law, and society may gain from the deterrent effect of financial awards.

*Murray,* 434 F.3d at 953 (internal citations omitted); *see also Carnegie v. Household Int'l, Inc.,* 376 F.3d 656, 661 (7th Cir. 2004) ("It would hardly be an improvement to have in lieu of this single class action 17 million suits each seeking damages of $15 to $30."). The Court's conclusion that a class action is superior to individual lawsuits under the circumstances is also supported by "the policy at the very core of the class action mechanism[,]" which "is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344 (7th Cir. 1997).

Nonetheless, Best Buy argues that the statutory damages award would be so grossly disproportionate to the harm suffered by the proposed class members that it would violate due process principles. *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 416, 123 S.Ct. 1513 (2003), 155 L.Ed.2d 585 (2003) ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor."). The Seventh Circuit instructs, however, that whether an award is unconstitutionally excessive is best decided after the class is certified, so that the Court can evaluate the defendant's conduct and whether the defendant made an attempt to control its exposure. *See Murray,* 434 F.3d at 954.

Best Buy's reliance on unpublished cases from the Central District of California in support of its argument is also unavailing, especially in light of the Seventh Circuit's holding that courts cannot deny class certification based on the possibility that the statutory damages may be substantial. *See Murray*, 434 F.3d at 953-54 ("Reducing recoveries by forcing everyone to litigate independently – so that constitutional bounds are not tested, because the statute cannot be enforced by more than a handful of victims – has little to recommend it."). Indeed, as the

Seventh Circuit recognized, if it were to adopt Best Buy's argument, "consumer class actions under the Fair Credit Reporting Act would be impossible." *Id.* at 951. The *Murray* decision further noted that "the reason damages can be substantial" is based on the "legislative decision to authorize awards as high as $1,000 per person" combined with the defendant's conduct. *Id.* at 953 (citing 15 U.S.C. § 1681n(a)(1)(A)). Best Buy's argument therefore fails.

Finally, Best Buy argues that a class action is not superior to individual claims because it voluntarily removed the expiration date from its online confirmation page. Best Buy's argument may be relevant to whether it made an attempt to control its exposure in the context of excessive damages, *see id.* at 954, but any such argument does not support Best Buy's contention that a class action is not the superior means for bringing this lawsuit. *See id.* at 953 (Rule 23(b)(3) was designed for cases where "potential recovery is too slight to support individual suits, but injury is substantial in the aggregate."). Moreover, Rule 23 "does not provide for an exception based on after-the-fact compliance." *Matthews v. United Retail, Inc.,* ___ F.Supp.2d ___, 2008 WL 618960, at *6 (N.D. Ill. 2008). As such, Best Buy's argument fails.

## CONCLUSION

For these reasons, the Court grants Plaintiff's Motion For Class Certification pursuant to Federal Rule of Civil Procedure 23.

**Dated:** March 20, 2008

ENTERED

**AMY J. ST. EVE**
**United States District Judge**