**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM HARRIS, individually ) <br> and on behalf of all others similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEST BUY CO., INC., and ) <br> BESTBUY.COM, LLC., ) <br> ) <br> Defendants. ) | 1:07-cv-2559 <br><br> Judge Amy J. St. Eve <br><br> Magistrate Judge Martin C. Ashman |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS THAT WERE PREVIOUSLY COMPELLED**

Plaintiff respectfully requests that this Court issue an order compelling defendants (collectively, "Best Buy") to do a complete search for documents using its archive system and produce all responsive documents to through email by the close of business, April 24, 2008.

Alternatively, plaintiff requests that this Court reconsider its April 21, 2008, ruling denying the parties' joint motion to extend discovery for sixty days in the interest of justice.

In support of this motion, plaintiff states:

1. This is a Fair Credit Reporting Act, 15 U.S.C. 1681c(g) class action. This Court certified a class of approximately 200,000 persons on March 20, 2008. In order to prevail, plaintiff must prove that defendant acted "willfully" under the FCRA.

2. The parties have been actively engaged in discovery since approximately June of 2007. Plaintiff filed a motion to compel documents responsive to his first discovery requests on September 6, 2007, which was granted on September 13, 2007. Defendant was to do a rolling production of all responsive documents to be completed by October 12, 2007. Because defendant needed more time, this Court granted Best Buy's subsequent motion to extend that deadline to

October 29, 2007.

3. It was reasonable for plaintiff to believe that defendant had produced all responsive documents by the end of October, 2007, in accordance with this Court's order. There was no reason for plaintiff to think that additional documents existed.

4. On April 17, 2008, defendant notified plaintiff for the first time that its October production was likely incomplete, and that defendant has been entering documents from this case into a more reliable email archive since October 2007. Ironically, this is around the time Best Buy was first compelled to produce the documents, see Exhibit 1 at ¶3.

5. Despite that it must have known since as early as October 2007, that it would likely have additional documents to produce in this case, Best Buy did not notify plaintiff or the Court of the possibility of such until the last minute – two weeks before the depositions were scheduled to happen, and *after* the original discovery cutoff. Plaintiff does not know whether defense counsel knew about the new archive search system at the status conference when the parties asked for more time for discovery at the March status conference.

6. Defense counsel Emily Prentice notified plaintiff's counsel Alex Burke on April 21, 2008, at approximately 3:30pm during a rule 37 conference regarding this issue that the new email archives that would be searched will indeed include (among others) archived emails for each of the persons that are noticed to be deposed on April 28 and 29.

7. Because plaintiff must prove that defendant was "willful" in its violation of FACTA, internal emails regarding the law, or truncation of credit card receipts, are highly relevant. Plaintiff and the certified class would be severely prejudiced were the depositions to proceed without a full search for documents that have already been compelled.

8. This is not a case where the plaintiff "sat around" until the last minute for

2

defendant to produce documents. Plaintiff filed a motion to compel regarding Best Buy's first delay in production of documents, which motion was granted, with the caveat that defendant would get more time to produce documents than plaintiff requested. Defendant was unable to comply with the first order on the motion to compel documents, and had to ask for more time, which was granted.

9. The delay in depositions was also not plaintiff's doing: although plaintiff timely noticed and scheduled depositions to happen before the previous March 28, 2008 discovery cutoff, Best Buy requested a continuance in order to assist in scheduling. Plaintiff acquiesced to the extension request, and the parties made a joint oral request for additional time. This Court allowed the parties an extra 30 days, and told the parties that there would be no more extensions.

10. Plaintiff did not originally notice the depositions any earlier than March 2008, because plaintiff wanted to ensure that he had all documents regarding defendant's knowledge of FACTA from defendant and third parties before doing so.

11. Plaintiff received, for example, a production from Bank of America, defendant's credit card processing company, on February 28, 2008, Exhibit 2, and plaintiff's counsel obtained the declaration of Patrick Faith from third-party Visa USA, Exhibit 3, which caused a deposition attended by some thirty attorneys, and provided a major basis for denial of defendant's motion for summary judgment in *Ramirez v. Midwest Airlines, Inc.*, No. 07-2173-JWL, 2008 U.S. Dist. LEXIS 19870, 2008 WL 682438 at *6-7 (D. Kan. Mar. 12, 2008). Although the declaration is captioned for the Harris v. Circuit City matter, Mr. Faith was deposed and cross examined in this case regarding the declaration on February 12, 2008. Plaintiff expects this declaration to similarly compel denial of Best Buy's anticipated motion for summary judgment. Plaintiff has also run into several "dead end" subpoenas between October 2007 and March 2008 that resulted in no useful

information.

12. In other words, plaintiff has been diligent in seeking discovery in this case, and reasonably believed that defendant had complied with this Court's fall 2007 orders regarding production of the documents, and moved on to initiating and pursuing third party discovery, and additional discovery from defendant arising from the information gleaned from the initial production. Had plaintiff taken the depositions earlier, he would not have had the benefit of the above third-party discovery, and Best Buy might never have disclosed its ability to produce more documents.

13. Because of the likely substantive nature of the documents that have not yet been produced, plaintiff feels that he has no choice but to move to compel Best Buy to produce these documents before the depositions – by April 24, 2008 – so that plaintiff has at least one business day to review the documents before the depositions.

14. Alternatively, plaintiff respectfully requests that this Court reconsider its April 21, 2008 ruling denying the parties' request for a sixty-day extension of discovery, based upon the additional circumstances and backdrop described in this motion.

15. Best Buy has indicated that it does not oppose an extension. It therefore appears that Best Buy wants to provide the supplemental documents to plaintiff pursuant to its Rule 26(e) obligations, but cannot do so before the depositions because of time constraints.[1]

16. Plaintiff's position is that he should have all documents before the depositions

---

[1] If the depositions go forward as noticed without the new documents, Best Buy has offered to re-produce any deponents plaintiff requests after any subsequent production. While this option is not preferable to plaintiff, who is not interested in going through the expense and burden of taking two rounds of depositions because of Best Buy's inability to produce the responsive documents before the cutoff, it would be preferable to not receiving the documents at all. In either event, plaintiff believes that he needs court approval for any such plan.

4

happen, whenever the depositions happen. Plaintiff was ready to take the depositions within the original discovery schedule, and was ready to take them on April 28 and 29, but for this new disclosure.

WHEREFORE, plaintiff respectfully requests that this Court issue an order compelling defendants (collectively, "Best Buy") to do a complete search for documents using its archive system and produce all responsive documents to plaintiff via email by the close of business, April 24, 2008.

Alternatively, plaintiff requests that this Court reconsider its April 21, 2008, ruling denying the parties' joint motion to extend discovery for sixty days in the interest of justice.

Respectfully submitted,

/s/Alexander H. Burke

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)

## CERTIFICATE OF SERVICE

I, Alexander H. Burke hereby certify that on April 21, 2008, I caused a true and correct copy the forgoing document to all attorneys of record through the ECF system for the Northern District of Illinois.

/s/Alexander H. Burke